UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

    - against -

TODD MITCHELL EBERHARD,

             Defendant.

------------------------------------------X

03 Cr. 562 (RWS)

OPINION

**Sweet, D.J.**

By letter, dated February 14, 2012, defendant Todd Eberhard (the "Defendant" or "Eberhard") has moved this Court for a modification of his restitution order to remove his obligation to make interest payments entered in his criminal case. The Government opposed the motion on April 2, 2012. Eberhard subsequently filed two reply letters, dated April 16, 2012 and April 20, 2012.

For the reasons set forth below, the motion is denied without prejudice to the Defendant to seek similar relief from the Attorney General.

**Prior Proceedings**

The facts and procedural history of this case are laid out in the Court's prior opinion of May 4, 2010, denying Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Eberhard v. United States, No. 09-110(RWS), 2010 WL 1789889 (S.D.N.Y. May 4, 2010), and the sentencing opinion of June 7, 2005, United States v. Eberhard, No. 03 Cr. 562-01(RWS), 2005 WL 1384038 (S.D.N.Y. June 9, 2005). Familiarity with those facts is assumed. The following summary is drawn in relevant part from those opinions.

From at least 1993, through May 2003, Eberhard engaged in a scheme to defraud certain clients for whom he provided investment advisory and securities brokerage services. As part of that scheme, Eberhard misappropriated funds entrusted to him by his clients through a variety of means, including "churning" their accounts to generate millions of dollars in commissions and compensation for himself and his firms, and by misappropriating money directly from client accounts by transferring funds from the account of one client to the account of another, or from client accounts to accounts in which Eberhard had a beneficial interest.

In the course of that scheme, Eberhard and others made numerous materially false statements and misrepresentations to clients designed to, among other things, persuade them to entrust and continue to entrust funds to Eberhard's management, hide his churning and looting of their accounts, and prevent them from withdrawing funds and terminating their investment advisory relationships with him.

As the Court has previously found, over the course of this ten year scheme, Eberhard's fraudulent churning activity resulted in at least approximately $10 million in losses to his victims. In addition, Eberhard misappropriated at least $9,967,696.96 from client accounts.

In February 2003, the Securities and Exchange Commission (the "SEC") sued Eberhard and his affiliated entities and obtained a temporary restraining order. In that action, the Honorable Richard M. Berman ordered Eberhard to provide a list of all assets belonging to him and his affiliated entities and further ordered all such assets frozen, to preserve them for distribution to victims of his fraud. Eberhard responded by engaging in obstruction of justice to undermine Judge Berman's order and shield certain of his assets from the freeze order.

On September 14, 2004, Eberhard pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit investment advisor fraud, wire fraud and mail fraud, seven counts of investment advisor fraud, one count of wire fraud, one count of mail fraud, and one count of obstruction of justice in connection with the SEC proceeding before Judge Berman. In the plea agreement, the parties stipulated to a base offense level of six pursuant to the November 1, 2002 United States Sentencing Guidelines § 2B1.1(a) and a twenty level increase because the loss was between $7 million and $20 million, pursuant to § 2B1.1(b)(1)(K).

On June 7, 2005 Eberhard was sentenced to 160 months' imprisonment, 3 years' supervised release, a $1,100 special assessment, a $15,000 fine, and restitution in an amount later to be determined. On June 6, 2006, pursuant to an agreement between the parties, this Court ordered Eberhard to pay $19,870,412.66 in restitution. This restitution figure was reached by the parties after extensive negotiations and was agreed to by Eberhard through his attorney.

Eberhard moved for reconsideration of the sentence pursuant to Federal Rules of Criminal Procedure 33 and 35. That

4

motion was denied because Rules 33 and 35 did not confer authority to reconsider Eberhard's sentence, the record supported the Court's finding that Eberhard was an organizer or leader of criminal activity involving five or more participants, and the criminal activity was otherwise extensive.

Eberhard hired new counsel and directly appealed his sentence on several grounds. He did not however, challenge the restitution amount, which he had agreed to through his prior counsel, and which was within the loss range stipulated to in the plea agreement he signed. On May 5, 2008, the Second Circuit rejected all of Eberhard's claims and affirmed the judgment of this Court. United States v. Eberhard, 525 F.3d 175 (2d Cir. 2008).

In January 2009, represented by another lawyer, Eberhard filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In it, Eberhard challenged his 160 month sentence and argued that his prior counsel was ineffective with regard to his sentencing. However, nowhere in that motion, as in his direct appeal, did Eberhard challenge the restitution order agreed upon by the parties and entered by the Court on June 6, 2006. Eberhard's Section 2255 motion was denied.

In March 2011, Eberhart filed a motion for a forensic accountant and modification of the restitution order entered in his criminal case as well as for an order recommending that he be placed in a Residential Re-Entry Center during the final twelve months of his sentence.

On December 8, 2011, the Court denied the motion. The Court found that the restitution order entered in Eberhard's criminal case became final long ago, and that there was no procedural vehicle for the Defendant to challenge it. Eberhard also agreed to the restitution amount after his counsel negotiated with the Government to reduce his restitution obligation. Accordingly, Eberhard's motion for a forensic accountant and modification of his restitution order was denied.

As to his second motion, the Court held that in light of the fact that Eberhard had over five years remaining on his term of imprisonment, a recommendation to place him in a Residential Re-Entry Center during the final twelve months of his sentence would be premature. Eberhard's motion for a recommendation to be placed in a Residential Re-Entry Center was therefore denied.

By motion dated February 14, 2012, Eberhard now seeks

to modify his restitution order again by eliminating the accrual and payment of interest from his restitution obligation.

## Defendant's Motion for Modification of the Restitution Order is Denied

Section 3612 requires that a defendant "shall pay interest on any fine or restitution of more than $2,500," not paid in full within fifteen days of the judgment. 18 U.S.C. § 3612(f)(1)-(2). Section 3612(f)(3) provides that a district court may waive or modify the interest due if it "determines that the defendant does not have the ability to pay interest." 18 U.S.C. § 3612(f)(3). Congress also empowered the Attorney General to waive all or part of the interest or penalty if it determined that "reasonable efforts to collect the interest or penalty are not likely to be effective." 18 U.S.C. § 3612(h).

In his motion, the Defendant contends that he is "being charged interest on my restitution order in excess of $3,000,000 of accrued interest compounded against me which in conflict with my guilty plea provision and the Judgment and commitment and this court's oral pronouncement at my sentencing hearing." (Def. Motion at 1). The Defendant cites to 18 U.S.C. 3612(f)(3) as supporting his proposition that the Court may waive or modify the interest due on his restitution obligation.

(Id. at 3). In addition, the Defendant cites to 18 U.S.C. 3612(h) to support his contention that "the Attorney General [may] waive all or part of the interest or penalty if it determined that reasonable efforts to collect the interest or penalty are not likely to be effective." (Id.). The Defendant argues that his sentence should be modified due to his financial inability to pay, which has already been established by the Probation Department and the Government. (Id.).

As this Court held in its December 8, 2011 Opinion of the Defendant's prior motion to amend his restitution order, the Defendant's instant motion is similarly time barred and not cognizable under Rule 35. As previously stated, a motion for modification of the restitution order then and at this time is nothing more than "a belated challenge to the restitution order entered more than five years ago in connection with his sentencing." (Dec. 8, 2011 Opinion at 7).

Rule 35 only permits the Court to correct a sentence and provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. In addition, any request for correction or reduction of a defendant's sentence must be made within 120 days of the

8

sentence. Id.

Here, the Defendant's request is well past the 14 and 120 day limit after his sentencing. As stated in the December 8, 2011 Opinion, "the rule allows for correction only of 'obvious errors' and does not allow a district court" to provide the relief that the Defendant requests in this motion. (Dec. 8, 2011 Opinion at 7). Moreover, there is no indication from his guilty plea, plea agreement, or in the Court's sentence that would prohibit the imposition of interest on the Defendant's restitution obligation.

In addition, the Defendant could have, but did not, challenge the restitution order or advance his interest-payment argument on either his direct appeal, or in his motion pursuant to 28 U.S.C. § 2255. In his appeal, while represented by new counsel, the Defendant challenged various other aspects of his sentence, but not the restitution order. See Eberhard, 525 F.3d 175. Likewise, in his subsequent Section 2255 motion, while represented by another attorney, the Defendant specifically alleged ineffective assistance of his counsel at sentencing, but nowhere challenged the restitution order on that basis as he does now. In addition, even though it would have been procedurally barred at that time, as it is now, the Defendant,

9

in his March 2011 motion to modify his restitution order again failed to advance this particular argument.

Moreover, Section 3612(f)(3) "appears to apply to restitution ordered at the time of sentencing, not to modification of restitution orders after their entry." U.S. v. Messier, No. 05-279(JBA), 2007 WL 1821687, at *1 (D. Conn. June 25, 2007). As the Government has noted, at sentencing in Messier, as in the instant case, "it was clear that defendant would be imprisoned and that his ability to obtain employment and earn funds would thus be limited during that period of incarceration, yet interest was not waived at the time of sentencing (indeed, defendant agreed to the ordered restitution, without waiver of interest, in his plea agreement)." Id.

In U.S. v. Dembo, after finding that the defendant's petition for the modification of his restitution order was procedurally barred, the Court denied the motion without prejudice to the defendant to seek similar relief from the Attorney General pursuant to 18 U.S.C. §§ 3612(h) and 3664(m)(1)(A)(i). No. 04-0702(RPP), 2009 WL 2850846, at *1 (S.D.N.Y. Sept. 1, 2009). The result reached in Dembo seems

sound and is adopted here.[1]

Conclusion

For the foregoing reasons, the Defendant's motion for a modification of the restitution order is denied without prejudice to the Defendant to seek similar relief from the Attorney General.

It is so ordered.

New York, NY
June 30, 2011

ROBERT W. SWEET
U.S.D.J.

---

[1] The Government has noted that it "will only consider such a waiver after the defendant has paid the principal amount in full." (Govt. Opp at 4). As the principal amount remains outstanding, the Government contends that any consideration of a waiver is premature at this time. (Id.).

11